UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ERIC POUSSON** | : | **CIVIL ACTION NO. 2:25-CV-01464** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LINCOLN NATIONAL LIFE INSURANCE CO** | : | **MAGISTRATE JUDGE LEBLANC** |

**RULE 16 SCHEDULING ODER FOR ERISA BENEFITS CASE TO BE DETERMINED ON ADMINISTRATIVE RECORD**

In accordance with Federal Rule of Civil Procedure 16(b), having considered the parties' Joint Motion to Enter Proposed Rule 16 Scheduling Order for ERISA Benefits Case to be Determined on Administrative Record (the "Motion") [Doc. 6], as well as the representations of the parties at the Scheduling Conference held on March 19, 2026,

**IT IS ORDERED** that the Motion is **GRANTED**, as herein modified, and the following deadlines are established to govern the remainder of this case:

1. **March 31, 2026**

(A) Defendant shall file into the record a pleading titled "Defendant's Response to ERISA Case Order," attaching a copy of the applicable insurance policy and the complete Administrative Record. This filing shall be compiled as an electronic file saved in .pdf format. Each page of the file is to be numbered. Once compiled, counsel for the defendant shall email the file to all counsel and electronically file it under seal using the Sealed Document (Sealed Pleading) event found under Civil > Other Filings > Other Documents to protect the plaintiff from publication of personal identifiers. Should the file be too large to electronically file in one entry,[1] then counsel is asked to signify in the docketing entry what pages are included therein. All counsel are to refer to the record submitted by the defendant in memoranda as "Doc. __ [entry no. for the record], p. __ [page of the record]."

The parties are cautioned that the sealing of the administrative record will render that record unavailable to the parties for review. The parties must rely on their own copy of the electronic mailing for the purposes of briefing. Should there be any question as to what

[1] Any one entry cannot exceed 50 MB.

constitutes the record on file, the parties are encouraged to contact chambers for clarification.

(B) Defendant shall include a statement whether ERISA governs the claims of this dispute.

(C) Defendant shall include a statement addressing whether the plan vests the claims administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan, including here a quotation of the pertinent plan language, citations to the specific page(s) of the plan terms which define the administrator's authority to determine eligibility benefits and/or to construe or interpret the terms of the plan, or a statement that the plan and/or law, such as any applicable anti-discretionary clause law, renders the claims administrator NOT vested with such discretionary authority.

2. **June 29, 2026**

All parties shall file Cross-Motions for Judgment on the Administrative Record with accompanying Memoranda.

3. **July 29, 2026**

All parties shall file Cross-Memoranda in Opposition to opposing parties' motions.

4. **August 28, 2026**

All parties shall file any Cross-Reply Memoranda, at which time the case is deemed submitted for judgment.

5. If any of the above deadlines fall on a weekend or official holiday under the Federal Rules of Civil Procedure or applicable local rules, the deadline will be the next day that is not a weekend or official holiday under the Federal Rules of Civil Procedure or applicable local rules.

6. All previously entered or scheduled deadlines, conferences or court appearances are cancelled as moot.

**IT IS FURTHER ORDERED** that there shall be no discovery in this case absent leave of court and any request for leave to conduct discovery should be limited to material that relates to the administrator's interpretation of the plan or policy and/or would assist the court in determining medical terms and procedures. *See, e.g.*, *Crosby v. La. Health Svc. and Indem. Co.*, 647 F.3d 258 (5th Cir. 2011). There may be no discovery regarding the factual basis of the plaintiff's claims,

because the court's review is constrained to the evidence contained in the record and the plan administrator's decision typically may only be overturned if the court concludes there has been an abuse of discretion.[3] *White*, supra, 892 F.3d at 767; *Shadler v. Anthem Life Ins. Co.*, 147 F.3d 388 (5th Cir. 1998).

**SO ORDERED** at Lake Charles, Louisiana, this 19th day of March, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

[3] *See also Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246 (5th Cir. 2018) (plan administrator's decision is subject to de novo review where ERISA plan did not delegate discretionary authority to plan administrator, but district court's review still confined to administrative record).